## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| CRISTINA SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.1:23 CV 18 HAB-SLC |
| | ) | |
| WALMART STORES EAST, LP. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## OPINION AND ORDER

This state court removed negligence action asserts that Plaintiff, Cristina Smith ("Smith"), sustained injuries after she fell in the meat department at a Walmart store in Marion, Indiana. Before the Court is Defendant, Walmart Stores East L.P.'s ("Walmart"), unopposed motion for summary judgment. (ECF No. 44). Because no genuine issues of material facts exist to show Defendant breached its duty of care, the motion will be GRANTED.

## DISCUSSION

### 1. Factual Background

On July 21, 2021, at approximately 12:00 p.m., Smith fell in the meat department at the Walmart Store located at 3240 S. Western Ave., Marion, IN 46953. (Affidavit of Mary Giselbach, ECF No. 44-1, ¶ 5, ("Giselbach Aff.")). Mary Giselbach ("Giselbach"), an Assistant Manager, and two Maintenance Associates, William Hannis ("Hannis")[1] and Robert Greene ("Greene") were working during the time of Smith's incident. (*Id.* ¶¶ 2, 3, 14; Affidavit of Robert Greene, ECF No. 44-2, ¶ 6, ("Greene Aff.")). Prior to Smith's fall, Giselbach was aware that there was a broken

---

[1] Hannis passed away in 2022.

refrigeration unit in one of the coolers in the meat department that was leaking. (Giselbach Aff., ¶ 7). Service had been called to repair the broken refrigeration unit, but the repair technicians had not yet arrived when Smith fell. (*Id.*). Orange wet floor cones were placed at the base of the refrigeration unit, and absorbent pads were placed alongside the unit to absorb any liquid that may leak from the cooler. (*Id.* ¶ 8; Greene Aff., ¶ 9).

Both Hannis and Greene, as part of their duties as maintenance associates, were responsible for and continuously monitored the area where the broken refrigeration unit was located to ensure there was no water or any foreign substance on the floor. (Giselbach Aff, ¶¶s 14-16; Greene Aff., ¶ 10}). Hannis and Greene were responsible for checking and replacing the absorbent pads and ensuring that the orange wet floor cones remained in place. (Giselbach Aff., ¶ 15; Greene Aff., ¶¶ 9-13). Greene checked the area where the broken refrigeration unit was located on his way to his lunch break in the back of the store. (Greene Aff., ¶ 11). Greene walked through the area just before noon and the floor was clean and dry, with no water, foreign substance, or other hazard on the floor and the orange cones and absorbent pads were in place. (*Id.*¶ 5; Greene Aff, ¶ 11). If Greene had seen any water, foreign substance, or other hazard in the area of the broken refrigeration unit, or if any customer or fellow associate told him there was any, Greene would have stopped, and immediately cleaned it up, because that was what he had been trained to do and was one of his job responsibilities. (Giselbach Aff., ¶ 5; Greene Aff., ¶¶s 4-6, 10-12).

Smith fell at approximately 12:00 p.m. in the area where the broken refrigeration unit was located. (Giselbach Aff., ¶¶ 5, 9. 13). After Smith's fall, Giselbach was the first to respond. She observed the area in which Smith fell, and it was still marked with orange wet floor cones and still had orange, absorbent pads on the floor next to the unit. Giselbach Aff., ¶¶s 10, 11). Giselbach took photographs of the floor as part of the incident report, which show the area immediately after

Smith fell. (See Exhibits 1-5 to Giselbach Aff.). Giselbach saw no water on the floor but did see fresh gel from the absorbent pads. (Giselbach Aff., ¶ 12). Giselbach observed the gel on the floor, which was clean and did not have any tracks through it that would be caused by a person stepping in the gel or driving a wheel of a cart through it. (*Id,*. ¶ 13). When Greene had checked the area moments before Smith fell, the floor was clean and dry. (Greene Aff., ¶ 11).

### 2. *Summary Judgment Standard*

Summary judgment is proper only if it is demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor." *Marr v. Bank of America, N.A.*, 662 F.3d 963, 966 (7th Cir. 2011).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. *Anderson*, 477 U.S. at 248.

That said, "[f]ailure to file a timely response to [a motion for summary judgment] is not a basis for automatically granting [it] as some kind of sanction." *Robinson v. Waterman*, 1 F.4th

3

480, 483 (7th Cir. 2021). Therefore, "the movant still has to show that summary judgment [i]s proper given the undisputed facts, with those facts taken as usual in the light most favorable to the nonmovant." *Robinson*, 1 F.4th at 483 (*citing Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)) (internal quotations omitted). Despite the plaintiffs' lack of response to this motion, the summary judgment standard remains the same.

### 3. Analysis

As noted at the outset, Smith's claim sounds in negligence. Because federal subject matter jurisdiction is based upon diversity of citizenship, the Court applies the substantive law of Indiana. *See Maurer v. Speedway, LLC*, 774 F.3d 1132, 1136 (7th Cir. 2014). To prevail on a negligence claim in Indiana, Smith must show that (1) a duty was owed to her by Walmart; (2) that duty was breached because Walmart's conduct fell below the applicable standard of care; and (3) the breach proximately caused her injury. *Arthur v. MacAllister Machinery Co., Inc.*, 83 N.E.3d 783, 787 (Ind. Ct. App. 2017). When there is no genuine issue of material fact and any one of these elements is clearly absent, summary judgment is appropriate. *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind. Ct. App. 1995).

Walmart's motion focuses on the issue of whether it breached its duty of care. When Smith fell, she was a business invitee at Walmart. Indiana has adopted the Restatement (Second) of Torts § 343 (1965) which articulates the contours of the duty owed by shopkeepers to business invitees:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees; and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011) (citing *Burrell v. Meads*, 569 N.E.2d 637, 639-40 (Ind. 1991)). Thus, while a landowner's duty to a business invitee includes a duty to exercise reasonable care to protect the invitee from foreseeable dangers on the premises, there is no duty to insure a business invitee's safety while on the premises. *Schulz v. Kroger Co.,* 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (citing *Booher v. Sheeram, LLC,* 937 N.E.2d 392, 395 (Ind. Ct. App. 2010)).

Walmart's motion focuses on the first Restatement element which requires that it have "actual or constructive knowledge of a condition on the premises that involves an unreasonable risk of harm to invitees." *Pfenning*, 947 N.E.2d at 406, ("[B]efore liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger."). So, at issue is whether Walmart had actual or constructive knowledge of the hazard that created an unreasonable risk of harm to Smith.

Walmart argues that the evidence fails to establish that it had actual or constructive knowledge of the alleged hazard on which Smith slipped. The designated affidavits and the accompanying exhibits demonstrate that while Walmart was aware of the broken refrigeration unit, that area was free of water and foreign substances and absorbent pads were in place both before and after her fall. No employee of Walmart was notified of any other hazard and there is no evidence that Walmart employees had knowledge of the alleged hazard that Smith slipped on. Considering Smith's failure to respond or designate any evidence pointing to Walmart's actual knowledge of the hazard causing Smith's fall, the Court must assume that Smith does not dispute this fact. Indeed, as the party who bears the burden of proof, she may not rest on her pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of

material fact that requires trial. She has not and so the Court concludes that Walmart had no actual knowledge of any hazard.

In the absence of actual knowledge, Indiana courts have found constructive knowledge where a condition "has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz*, 963 N.E.2d at 1144. The length of time is important and can be circumstantial evidence of constructive knowledge. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008) ("Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice.").

Here, the designated evidence reveals that Greene was responsible for checking and replacing absorbent pads and ensuring that there was no water or foreign substance on the floor. He stated that he walked through the area where Smith fell just before noon and the area was free of any water, foreign substance, or other hazard on the floor. He also acknowledged that the orange wet floor cones and absorbent pads were in place. Greene also stated that if he had seen any water or foreign substance or if any customer had told him there was any, he would have immediately cleaned it up.

Giselbach's affidavit confirms Greene's narrative. Smith fell at approximately noon. Giselbach was the first Walmart employee on the scene after Smith fell and observed the floor conditions. Just as Greene recalled, Giselbach stated there was no water on the floor. While she saw absorbent gel within the confines of the hazard cones, she did not see any evidence that a cart or person had entered that area and slipped on the gel. Given the short time frame between Greene's walk through where he saw no water or gel, Smith's fall, and Giselbach's observation of the gel immediately after the fall, it is clear that *if* the gel caused Smith's fall, it had not been on the floor

for more than a few minutes. Add to all this, the absence of evidence contradicting Greene and Giselbach, and Walmart has demonstrated its entitlement to summary judgment.

Because Walmart did not have actual or constructive knowledge of the hazard to Smith prior to her fall, Walmart, as a matter of law, did not breach its duty of care.

## **CONCLUSION**

Based on the above, Walmart's motion for summary judgment (ECF No. 44) is GRANTED. The CLERK is DIRECTED to enter judgment in favor of Walmart.

SO ORDERED on April 23, 2025

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT